ORIGINAL

1 THOMAS E. FRANKOVICH (State Bar No. 074414)
  THOMAS E. FRANKOVICH,
2 *A Professional Law Corporation*
  4328 Redwood Hwy., Suite 300
3 San Rafael, CA 94903
  Telephone:    415/674-8600
4 Facsimile:    415/674-9900

5 Attorneys for Plaintiffs
  CRAIG YATES
6 and DISABILITY RIGHTS
  ENFORCEMENT, EDUCATION,
7 SERVICES: HELPING YOU
  HELP OTHERS

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12 CRAIG YATES, an individual; and          )   **CASE NO.**
   DISABILITY RIGHTS, ENFORCEMENT,          )   **Civil Rights**
13 EDUCATION, SERVICES:HELPING YOU)
   HELP OTHERS, a California public benefit )   **COMPLAINT FOR INJUNCTIVE RELIEF**
14 corporation,                             )   **AND DAMAGES:**
                                            )
15        Plaintiffs,                       )   **1st CAUSE OF ACTION:** For Denial of Access
                                            )   by a Public Accommodation in Violation of the
16 v.                                       )   Americans with Disabilities Act of 1990 (42
                                            )   U.S.C. §12101, *et seq.*)
17 ARTHUR C. S. HSU, and GLENDY M. H.       )
   HSU TRUSTEES UDT; and RAYMOND            )   **2nd CAUSE OF ACTION:** For Denial of Full
18 HSU, an individual,                      )   and Equal Access in Violation of California
                                            )   Civil Code §§54, 54.1 and 54.3
19        Defendants.                       )
                                                **3rd CAUSE OF ACTION:** For Denial of
20                                              Accessible Sanitary Facilities in Violation of
                                                California Health & Safety Code §19955, *et seq.*
21
                                                **4th CAUSE OF ACTION:** For Denial of
22                                              Access to Full and Equal Accommodations,
                                                Advantages, Facilities, Privileges and/or
23                                              Services in Violation of California Civil Code
                                                §51, *et seq.* (The Unruh Civil Rights Act)
24

25

26                                              **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

                                                                              1

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual and allege as follows:

**INTRODUCTION:**

1. This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' Java Restaurant, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2. Plaintiff CRAIG YATES is a person with physical disabilities who, on or about September 14, 2007, February 16, 2008, September 17, 2008 and September 22, 2008, was an invitee, guest, patron, customer at defendants' Java Restaurant, in the City of San Francisco, California. At said time and place, defendants failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to the entrance, men's restroom and women's restroom. The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///
///

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 417 Clement Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES  is a "person with physical disabilities", as defined by all applicable California and United States laws.  Plaintiff is a triplegic.  Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public.  Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject Java Restaurant, and that the interests of plaintiff DREES in removing architectural barriers at the subject restaurant advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as Java Restaurant, located at/near 417 Clement Street, San Francisco,  California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, own and operate in joint venture the subject Java Restaurant with John Chuenkwan Lee and Anna Lee as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

1    10.    At all times relevant to this complaint, defendants ARTHUR C. S. HSU, and

2   GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual are jointly and

3   severally responsible to identify and remove architectural barriers at the subject Java Restaurant

4   pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent

5   part:

6              **§ 36.201        General**

7                    (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
8    accommodation and the tenant who owns or operates the place
     of public accommodation are public accommodations subject to the
9    requirements of this part.  As between the parties, allocation of
     responsibility for complying with the obligations of this part may
10   be determined by lease or other contract.

11             28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13   11.    The Java, is a restaurant, located at/near 417 Clement Street, San Francisco,

14  California.  The Java Restaurant, its entrance, men's restroom, women's restroom, and its other

15  facilities are each a "place of public accommodation or facility" subject to the barrier removal

16  requirements of the Americans with Disabilities Act.  On information and belief, each such

17  facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

18  which has subjected the Java Restaurant and each of its facilities, its entrance, men's restroom

19  and women's restroom to disability access requirements per the Americans with Disabilities Act

20  Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

21   12.    At all times stated herein, plaintiff CRAIG YATES  was a member of DREES.

22   13.    At all times referred to herein and continuing to the present time, defendants, and

23  each of them, advertised, publicized and held out the Java Restaurant as being handicapped

24  accessible and handicapped usable.

25   14.    On or about September 14, 2007, February 16, 2008, September 17, 2008 and

26  September 22, 2008, plaintiff CRAIG YATES was an invitee and guest at the subject Java

27  Restaurant, for purposes of having food and beverages.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about September 14, 2007, February 16, 2008, September 17, 2008 and September 22, 2008, plaintiff CRAIG YATES was unable to access the Java Restaurant due to a four to five (4 to 5) inch raised concrete landing, which in essence was a step.

16.     At said times and place, plaintiff CRAIG YATES at best could only have the Java Restaurant's food if plaintiff CRAIG YATES ordered his food to-go in those instances, as stated herein.  Plaintiff CRAIG YATES was compelled to knock on the window with his car keys to get the attention of an employee.  Then, the employee would come outside and take plaintiff CRAIG YATES's order from the sidewalk.

17.     Prior to the filing of the complaint, representatives of plaintiff CRAIG YATES, at plaintiff CRAIG YATES's request, inspected the men's and women's restroom.  Plaintiff CRAIG YATES's representatives informed him that neither restroom was accessible for a wheelchair user.  However, if both restrooms were combined, it would create one (1) usable unisex restroom for a wheelchair user.

18.     On or about March 28, 2008, plaintiff CRAIG YATES wrote both the landlord and the tenant about the inaccessible entrance and suggested how it could be remedied.  Plaintiff CRAIG YATES never received a response.

19.     On or about September 17, 2008, and thereafter, plaintiff CRAIG YATES considered any attempt to use the sanitary facilities at the Java Restaurant, a futile gesture.

20.     Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject Java Restaurant which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

        a.      lack of an accessible entrance due to a 4 to five (4 to 5) inch landing;

        b.      lack of a handicapped-accessible women's public restroom;

        c.      lack of a handicapped-accessible men's public restroom; and

        d.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       21.     At all times stated herein, the existence of architectural barriers at defendants'

2   place of public accommodation evidenced "actual notice" of defendants' intent not to comply

3   with the Americans with Disabilities Act of 1990 either then, now or in the future.

4       22.     On or about March 28, 2008, defendant(s) were sent two (2) letters by or on behalf

5   of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a

6   response within 14 days and requesting remedial measures be undertaken within 90 days or an

7   explanation of why the time limit set could not be met and/or extenuating circumstances. Said

8   letters are attached hereto collectively as exhibit "A" and incorporated by reference as though

9   fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in

10  an early and reasonable resolution of the matter.

11      23.     At all times stated herein, defendants, and each of them, did not act as reasonable

12  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

13  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from

14  receiving the same goods and services as able bodied people and some of which may and did pose

15  a threat of harm and/or personal injury to people with disabilities.

16      24.     As a legal result of defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU

17  TRUSTEES UDT; and RAYMOND HSU, an individual's failure to act as a reasonable and

18  prudent public accommodation in identifying, removing or creating architectural barriers, policies,

19  practices and procedures that denied access to plaintiffs and other persons with disabilities,

20  plaintiffs suffered the damages as alleged herein.

21      25.     As a further legal result of the actions and failure to act of defendants, and as a

22  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

23  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

24  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

25  disabilities to full and equal access to public facilities.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

26.     Further, plaintiff CRAIG YATES suffered emotional distress, mental distress, mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for mental and emotional distress over and above that usually associated with the discrimination and physical injuries claimed, and no expert testimony regarding this usual mental and emotional distress will be presented at trial in support of the claim for damages.

27.     Defendants', and each of their, failure to remove the architectural barriers complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public accommodation, and continues to create continuous and repeated exposure to substantially the same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

28.     Plaintiff CRAIG YATES and the membership of DREES were denied their rights to equal access to a public facility by defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, because defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual maintained a restaurant without access for persons with physical disabilities to its facilities, including but not limited to the entrance, men's restroom, women's restroom, and other public areas as stated herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other persons with physical disabilities in these and other ways.

29.     On information and belief, construction alterations carried out by defendants have also triggered access requirements under both California law and the Americans with Disabilities Act of 1990.

30.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the Java Restaurant  to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the restaurant as a public facility.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

8

31.     Plaintiffs seek damages for violation of their civil rights on September 14, 2007, February 16, 2008, September 17, 2008 and September 22, 2008 and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his  visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES  from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

32.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

33.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the Java Restaurant accessible to persons with disabilities.

34.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried out by defendants, and each of them, with a willful and conscious disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of defendants, and each of them, to other operators and landlords of other restaurants  and other

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   public facilities, and to punish defendants and to carry out the purposes of the Civil Code §§ 51,

2   51.5 and 54.

3       35.   Plaintiffs are informed and believe and therefore allege that defendants ARTHUR

4   C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual,

5   and each of them, caused the subject building(s) which constitute the Java Restaurant to be

6   constructed, altered and maintained in such a manner that persons with physical disabilities were

7   denied full and equal access to, within and throughout said building(s) of the restaurant and were

8   denied full and equal use of said public facilities. Furthermore, on information and belief,

9   defendants have continued to maintain and operate said restaurant and/or its building(s) in such

10  conditions up to the present time, despite actual and constructive notice to such defendants that

11  the configuration of the Java Restaurant and/or its building(s) is in violation of the civil rights of

12  persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff

13  DREES and the disability community which DREES serves. Such construction, modification,

14  ownership, operation, maintenance and practices of such public facilities are in violation of Civil

15  Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

16      36.   On personal knowledge, information and belief, the basis of defendants' actual and

17  constructive notice that the physical configuration of the facilities including, but not limited to,

18  architectural barriers constituting the Java Restaurant and/or building(s) was in violation of the

19  civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

20  communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other

21  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon

22  modification, improvement, or substantial repair of the subject premises and other properties

23  owned by these defendants, newspaper articles and trade publications regarding the Americans

24  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.

25  Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants'

26  failure, under state and federal law, to make the Java Restaurant accessible is further evidence of

27  defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with

28  disabilities. Despite being informed of such effect on plaintiff and other persons with physical

disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the restaurant.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

37.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

**I.      FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(42 U.S.C. §12101, *et seq.*)

38.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 37 of this complaint.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

40.     Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

41.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

12

42.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

43.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

44.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of the Java Restaurant pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

45.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

46.     On information and belief, construction work on, and modifications of, the subject building(s) of the Java Restaurant occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

47.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

1     48.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2 disability to engage in a futile gesture if such person has actual notice that a person or

3 organization covered by this title does not intend to comply with its provisions." Pursuant to this

4 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about

5 September 22, 2008, but on information and belief, alleges that defendants have continued to

6 violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

7 access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9 facilities readily accessible to and usable by individuals with disabilities to the extent required by

10 this title."

11     49.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13 the Americans with Disabilities Act of 1990, including but not limited to an order granting

14 injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

15 deemed to be the prevailing party.

16     Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

17 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

21     50.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

22 allegations contained in paragraphs 1 through 49 of this complaint.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

51.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

52.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

> Civil Code §54.1(a)(1)

53.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

> Civil Code §54.1(d)

54.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' Java Restaurant.  As a legal result,

1  plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance

2  with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

3  visiting the restaurant because of their knowledge and belief that the restaurant is inaccessible to

4  persons with disabilities.  California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

11  Civil Code §54.3(a)

12  55.   On or about September 14, 2007, February 16, 2008, September 17, 2008 and

13  September 22, 2008, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in

14  that plaintiff CRAIG YATES was denied access to the entrance, men's restroom, women's

15  restroom and other public facilities as stated herein at the Java Restaurant and on the basis that

16  plaintiff CRAIG YATES  was a person with physical disabilities.

17  56.   As a result of the denial of equal access to defendants' facilities due to the acts and

18  omissions of defendants, and each of them, in owning, operating and maintaining these subject

19  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

20  rights under Civil Code §§54, 54.1 and 54.3.

21  57.   Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

22  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

23  and worry, all of which are expectedly and naturally associated with a denial of access to a person

24  with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

25  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are

26  persons or an entity that represents persons with physical disabilities and unable, because of the

27  architectural barriers created and maintained by the defendants in violation of the subject laws, to

28  use the public facilities hereinabove described on a full and equal basis as other persons.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

58.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about September 14, 2007, February 16, 2008, September 17, 2008 and September 22, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

59.    As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*** (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive) (Health & Safety Code §19955, *et seq.*)

60.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 59 of this complaint.

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

61.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code.  For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers.  When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

62.    Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all public accommodations constructed or altered after that date.  On information and belief, portions of the Java Restaurant and/or of the building(s) were constructed and/or altered after July 1, 1970, and substantial portions of the restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

63.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the Java Restaurant and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   On information and belief, at the time of the construction and modification of said building, all

2   buildings and facilities covered were required to conform to each of the standards and

3   specifications described in the American Standards Association Specifications and/or those

4   contained in Title 24 of the California Building Standards Code.

5          64.     Restaurants such as the Java Restaurant are "public accommodations or facilities"

6   within the meaning of Health & Safety Code §19955, *et seq*.

7          65.     As a result of the actions and failure to act of defendants, and as a result of the

8   failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

9   denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

10  civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

11  public facilities.

12         66.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

13  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

14  plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

15  physical disabilities and prohibiting discrimination against the persons with physical disabilities,

16  and to take such action both in plaintiffs' own interests and in order to enforce an important right

17  affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

18  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

19  §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

20  and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and

21  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

22  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

23         67.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

24  them, to make the subject place of public accommodation readily accessible to and usable by

25  persons with disabilities.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

2   **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
3        AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
4        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
        EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
5        corporation, and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU
        TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
6        (Civil Code §51, 51.5)

7        68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

8   allegations contained in paragraphs 1 through 67 of this complaint.

9        69.    Defendants' actions and omissions and failure to act as a reasonable and prudent

10  public accommodation in identifying, removing and/or creating architectural barriers, policies,

11  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

12  Unruh Act provides:

13          This section shall be known, and may be cited, as the Unruh
            Civil Rights Act.
14
15          All persons within the jurisdiction of this state are free and
            equal, and no matter what their sex, race, color, religion, ancestry,
            national origin, or **disability** are entitled to the full and equal
16          accommodations, advantages, facilities, privileges, or services in all
            business establishments of every kind whatsoever.
17
18          This section shall not be construed to confer any right or
            privilege on a person that is conditioned or limited by law or that is
            applicable alike to persons of every sex, color, race, religion,
19          ancestry, national origin, or **disability.**

20          Nothing in this section shall be construed to require any
            construction, alteration, repair, structural or otherwise, or
21          modification of any sort whatsoever, beyond that construction,
            alteration, repair, or modification that is otherwise required by other
22          provisions of law, to any new or existing establishment, facility,
            building, improvement, or any other structure . . . nor shall anything
23          in this section be construed to augment, restrict, or alter in any way
            the authority of the State Architect to require construction,
24          alteration, repair, or modifications that the State Architect otherwise
            possesses pursuant to other . . . laws.
25
26          A violation of the right of any individual under the
            Americans with Disabilities Act of 1990 (Public Law 101-336) shall
            also constitute a violation of this section.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

70.    The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

71.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of their above cause of action for violation of the Americans with Disabilities Act at §38, *et seq*., as if repled herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

72.     As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as hereinabove described, plaintiff CRAIG YATES  has suffered general and statutory damages.

73.     Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs). Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.      PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.      For injunctive relief, compelling defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive, to make the Java Restaurant, located at 417 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II.**   **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   For injunctive relief, compelling defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive, to make the Java Restaurant, located at 417 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.   Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.   Treble damages pursuant to Civil Code §54.3;

5.   For all costs of suit;

6.   Prejudgment interest pursuant to Civil Code §3291; and

7.   Such other and further relief as the court may deem just and proper.

**III.**   **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.   General and compensatory damages according to proof.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive, to make the Java Restaurant, located at 417 Clement Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291; and

5.      Such other and further relief as the court may deem just and proper.

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      Treble damages pursuant to Civil Code §52(a);

4.      For all costs of suit;

5.      Prejudgment interest pursuant to Civil Code §3291; and

6.      Such other and further relief as the court may deem just and proper.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.** **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES and Against Defendants ARTHUR C. S. HSU, and GLENDY M. H. HSU TRUSTEES UDT; and RAYMOND HSU, an individual, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      General and compensatory damages to plaintiff CRAIG YATES according to proof.

Dated: _____10/14/08_____, 2008          THOMAS E. FRANKOVICH,
                                                                   *A PROFESSIONAL LAW CORPORATION*


                                              By: _____
                                                      THOMAS E. FRANKOVICH
                                                      Attorneys for Plaintiffs CRAIG YATES and
                                                      DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                                      SERVICES: HELPING YOU HELP OTHERS, a California
                                                      public benefit corporation

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: _____10/16/08_____, 2008          THOMAS E. FRANKOVICH,
                                                                   *A PROFESSIONAL LAW CORPORATION*


                                              By: _____
                                                      THOMAS E. FRANKOVICH
                                                      Attorneys for Plaintiffs CRAIG YATES and
                                                      DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                                      SERVICES:HELPING YOU HELP OTHERS, a California
                                                      public benefit corporation

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

March 28, 2008

Manager
Java Indonesia Restaurant
417 Clement St.
San Francisco, CA 94118

Dear Manager of Java Indonesia Restaurant.:

Recently, I visited Java Indonesia Restaurant. As I use a wheelchair, I had problems with not being able to enter and dine in the restaurant. I think you could pour a ramp in from the sidewalk. I think you have plenty of room.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Java Indonesia Restaurant once it is accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

March 28, 2008

Owner of Building
Java Indonesia Restaurant
417 Clement St.
San Francisco, CA 94118

Dear Owner of Building for Java Indonesia Restaurant:

Recently, I visited Java Indonesia Restaurant. As I use a wheelchair, I had problems with not being able to enter and dine in the restaurant. I think you could pour a ramp in from the sidewalk. I think you have plenty of room.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Java Indonesia Restaurant once it is accessible to me. I may still come back before you do the work just because I like the place. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you.   You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates